Kelly J. C. Gallinger
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
kgallinger@brownfirm.com
adunn@brownfirm.com

*Attorneys for Plaintiff Acuity*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY | Cause No.:_____ |
| Plaintiff, | |
| v. | **DECLARATORY COMPLAINT** |
| MAURER CONSTRUCTION, LLC; FINISH TOUCH DRYWALL & PAINT, INC., and LOUIS MOMBERG. | |
| Defendants. | |

COMES NOW Plaintiff Acuity Insurance Company, (hereinafter "Acuity"), by and through its attorney of record, and for its Declaratory Complaint alleges as follows:

1

## PARTIES AND GENERAL ALLEGATIONS

1. Plaintiff Acuity is a citizen of Wisconsin and has its principal place of business in Wisconsin. Acuity is authorized to transact business in Montana.

2. Defendant Maurer Construction, LLC (hereinafter "Maurer") is a citizen of Montana operating a corporation engaged in construction. Maurer's primary place of business is in Missoula, Montana in the judicial district wherein the facts giving rise to this controversy occurred.

3. Defendant Finish Touch Drywall & Paint, Inc., is the successor in interest to Finishing Touch Drywall and Paint, LLC (hereinafter "Finish Touch") and is a citizen of Montana. Finish Touch is engaged in the construction industry installing drywall in residential and commercial projects. Finish Touch's primary place of business is Frenchtown, Montana in the judicial district wherein the facts giving rise to this controversy occurred.

4. Defendant Louis Momberg is a citizen of Montana and lives in Missoula, Montana. At the time of Momberg's injury, he was hired to work as a painter on a construction project for the Highlander Brewery.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1331.

6. Upon information and belief, the amount in controversy exceeds $75,000.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332.

8. On September 5, 2017, Defendant Momberg filed an Amended Complaint and Demand for Jury in an action styled: *Louis Momberg v. Maurer Construction, LLC, Alex Construction and Painting Services, LLC, Aleksandar Ivanov Tanchev, Tucker Drywall LLC., Finish Touch Drywall and XYZ Doe Defendants*; DV-17-328, Montana Fourth Judicial District Court, Missoula County. (hereinafter, the "Underlying Complaint," attached hereto as Exhibit "A").

9. The Underlying Complaint alleges in or about 2015, Maurer was hired as the general contractor to build the Highlander Brewery located at 200 International Drive, Missoula, Montana ("the project"). Maurer hired subcontractors for various parts of the construction, including Finish Touch to install drywall on the project and Alex Construction and Painting Services, LLC (hereinafter, "Alex Construction") to perform the painting on the project.

10. The Underlying Complaint alleges Maurer retained overall control of the project and was responsible for overall safety during construction operations. The Underlying Complaint alleges Maurer provided equipment for subcontractors to use, including scissor lifts.

11. The Underlying Complaint alleges Defendant Momberg was an employee of subcontractor Alex Construction and was injured on May 9, 2015

when he fell from a scissor lift while painting on the construction site. Momberg has alleged the safety gate/safety guardrails on the scissor lift were missing or had been wired open, leading to his fall.

12. The Underlying Complaint alleges claims for violation of the Montana Safety Act; violation of the Montana Scaffolding Act; negligence; inherently dangerous activity; and violation of non-delegable duties against Maurer.

13. In April of 2015, Maurer and Finish Touch entered into a Subcontract Agreement relating to construction of the project. (hereinafter "Subcontract Agreement, attached hereto as Exhibit "B").

14. The Subcontract Agreement required Finish Touch to maintain Commercial General Liability Insurance and/or Comprehensive General Liability Insurance. The Subcontract further required that a Certificate of Insurance be issued on ACCORD 25-S form identifying Maurer as a Certificate Holder and Additional Insured (endorsement attached to certificate must be equivalent to Standard ISO Endorsement No. CG20101185) stating the insurance afforded to the additional insured is primary insurance, as it applies to work under this Subcontract, and that the General Aggregate limit will apply to this Project only as so indicated on the General Liability certificate.

15. Plaintiff Acuity issued a Commercial General Liability Policy to Finish Touch for policy period November 20, 2014 through November 20, 2015, identified as Policy No. Z09160 (attached hereto as Exhibit "C").

16. Defendant Finish Touch did not purchase an Additional Insured Endorsement in the Policy for Defendant Maurer.

17. Maurer is not named as an Insured or an Additional Insured under the Policy.

18. The Policy does not contain any language, conditions, or provisions that have the effect of adding Maurer as an Insured or Additional Insured under the Policy.

19. Maurer has tendered the defense and indemnification for the claims made against it in the Underlying Complaint to Acuity alleging it is an Additional Insured under the Policy. Acuity has agreed to defend Maurer against the claims made in the Underlying Complaint pending coverage resolutions in this action.

## DECLARATORY RELIEF

20. Plaintiff incorporates paragraphs 1 through 18 above into this Count.

21. Currently there is a dispute between Acuity and Maurer regarding their respective rights and duties as articulated in the insurance contract described above. The foregoing dispute entitles Acuity to declaratory relief under Mont.

5

Code Ann. 27-8-202, and 28 U.S.C. ¶¶ 2201 and 2202. These disputes include the following:

    a. Whether Maurer was an Insured or Additional Insured under the Policy;

    b. Whether Acuity has a duty to defend Maurer in the Underlying Case;

    c. Whether Acuity has a duty to indemnify Maurer for any judgments or settlements made against Maurer in the Underlying Case.

    d. Whether Acuity is entitled to recover fees and costs advanced by Acuity for any defense costs it has advanced to Maurer, and

    e. For such other issues as may arise in this litigation.

## The Terms of the Policy

22. Subject to the terms, conditions, limitations, and exclusions of the Policy, Acuity has an obligation to advance defense costs and provide indemnification for judgments or settlements for Insureds under the Policy relating to liability claims.

23. The Policy provides in pertinent part:

## Declarations

First Named Insured and Address:

FINISHING TOUCH DRYWALL & PAINT LLC
C/O RICHARD NIMOCKS-CHRISTOPHER CUTTS
16825 LIGHTNING DR
FRENCHTOWN MT  59834

\*\*\*

## ADDITIONAL NAMED INSUREDS

WHO IS AN INSURED (Section II) includes the following Additional Named Insureds:

NONE

\*\*\*

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage.
Read the entire policy carefully to determine rights,
duties and what is and is not covered.

Throughout this policy the words "you" and "your"
refer to the Named Insured shown in the Declarations,
and any other person or organization qualifying
as a Named Insured under this policy. The
words "we," "us" and "our" refer to the Company
providing this insurance.

The word "insured" means any person or organization
qualifying as such under Section II - Who Is an
Insured.  Other words and phrases that appear in italics have special meaning.
Refer to Section V – Definitions

## SECTION I – COVERAGES

7

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.** **Insuring Agreement**
 **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury* or *property damage* to which this insurance applies. We will have the right and duty to defend the insured against any *suit* seeking those damages. However, we will have no duty to defend the insured against any *suit* seeking damages for *bodily injury* or *property damage* to which this insurance does not apply. We may at our discretion investigate any *occurrence* and settle any claim or *suit* that may result. But:
  (1) The amount we will pay for damages is limited as described in Section III - Limits of Insurance; and
  (2) Our right and duty to defend ends When we have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
 No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

 **b.** This insurance applies to *bodily injury* and *property damage* only if:
  (1) The *bodily injury* or *property damage* is caused by an *occurrence* that takes place in the *coverage territory;*
  (2) The *bodily injury* or *property damage*

8

     occurs during the policy period; and

\*\*\*

 **e.** Damages because of *bodily injury* include damages claimed by any person or organization for care, loss of services or death resulting at any time from the *bodily injury.*

\*\*\*

## SUPPLEMENTARY PAYMENTS – COVERAGES A AND B

\*\*\*

2. If we defend an insured against a *suit* and an indemnitee of the insured is also named as a party to the *suit*, we will defend that indemnitee if all of the following conditions are met:

 a. The *suit* against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an *insured contra*ct;

 b. This insurance applies to such liability assumed by the insured;

 c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same *insured contract;*

 d. The allegations in the *suit* and the information we know about the *occurrence* are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

 e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such *suit* and agree that we can assign the same counsel to defend the insured and the indemnitee; and

 f. The Indemnitee:
  (1) Agrees in writing to:
   (a) Cooperate with us in the investigation, settlement or defense of the *suit*;

9

    (b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the *suit*;

    (c) Notify any other insurer whose coverage is available to the Indemnitee; and

  (2) Provides us with written authorization to:

    (a) obtain records and other information related to the *suit*; and

    (b) Conduct and control the defense of the indemnitee in such *suit*.

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of paragraph 2b(2) of Section I – Coverage A – Bodily Injury and Property Damage Liability, such payments will not be deemed to be damages for bodily injury and property damage and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when we have used up the applicable limit of insurance in the payment of judgments or settlements or the conditions set forth above, or the terms of the agreement described in paragraph f above, are no longer met.

### SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

  \*\*\*

  c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

No other person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not

shown as a Named Insured in the Declarations.

\*\*\*

## SECTION V – DEFINITIONS

\*\*\*

**3.** *"Bodily injury"* means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

**9.** *"Insured contract"* means:
   \*\*\*
   **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for *bodily injury* or *property damage* to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. Paragraph f does not include that part of any contract or agreement:
   (1) That indemnifies a railroad for *bodily injury* or *property damage* arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;
   (2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:
      (a) Preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys,

11

        field orders, change orders or drawings and specifications; or

    (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

   (3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

\*\*\*

**13.** *"Occurrence"* means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

**18.** *"Suit:"* means a civil proceeding in which damages because of bodily injury, property damage or personal and advertising injury to which this insurance applies are alleged. Suit includes:

  a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

  b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

\*\*\*

  24. Maurer is not an Insured or Additional Insured under the Policy.

25. Acuity is not obligated to defend Maurer as it is not an Insured or Additional Insured under the Policy.

26. Acuity is not obligated to indemnify Maurer as it is not an Insured or Additional Insured under the Policy.

27. Maurer has filed a Cross-Claim against Finish Touch in the action styled: *Louis Momberg v. Maurer Construction, LLC, Alex Construction and Painting Services, LLC, Aleksandar Ivanov Tanchev, Tucker Drywall LLC., Finish Touch Drywall and XYZ Doe Defendants*; DV-17-328, Montana Fourth Judicial District Court, Missoula County.

28. A conflict exists between the interests of Maurer and the interests of Finish Touch in the action styled: *Louis Momberg v. Maurer Construction, LLC, Alex Construction and Painting Services, LLC, Aleksandar Ivanov Tanchev, Tucker Drywall LLC., Finish Touch Drywall and XYZ Doe Defendants*; DV-17-328, Montana Fourth Judicial District Court, Missoula County.

29. Because of the conflict, Acuity is not able to assign the same defense counsel to defend Maurer and Finish Touch in the action styled: *Louis Momberg v. Maurer Construction, LLC, Alex Construction and Painting Services, LLC, Aleksandar Ivanov Tanchev, Tucker Drywall LLC., Finish Touch Drywall and XYZ*

*Doe Defendants*; DV-17-328, Montana Fourth Judicial District Court, Missoula County.

30. The Conditions articulated in Supplementary Payments Coverages A and B, Section 2 cannot be met, and Acuity is not obligated to provide a defense to Maurer under the Policy's Supplementary Payments Coverage.

**WHEREFORE** Plaintiff Acuity seeks declaratory relief in the following manner:

1) That this Court find and declare that Maurer is not an Insured or Additional Insured under the Policy;

2) That this Court find and declare that Acuity has no duty to advance defense costs to Maurer, or to pay any sums that Maurer may be legally obligated to pay with respect to the claims made against it in the Underlying Complaint;

3) That the Court award to Acuity reimbursement of defense fees and expenses, if any, it paid in connection with its agreement to defend Maurer;

4) That the Court grant such other and further relief as it may deem just and proper, including attorney's fees, costs, and disbursements incurred by Acuity in this action.

DATED this 4th day of June, 2018.

                                                        By:   /s/ Kelly J. C. Gallinger
                                                                Kelly J. C. Gallinger
                                                                BROWN LAW FIRM, P.C.
                                                                *Attorneys for Plaintiff Acuity*